IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 APR 25  AM 11: 24
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY

PREMIERE HOT TUBS, INC.,
        Plaintiff,

-vs-                                        Case No. A-12-CA-824-SS

A-TEX FAMILY FUN CENTER, INC.,
        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant A-Tex Family Fun Center, Inc.'s Bill of Costs [#89], and Plaintiff Premiere Hot Tubs, Inc.'s Response [#98]; Premiere's Motion for Attorney's Fees [#90], A-Tex's Response [#93], and Premiere's Reply [#95]; Premiere's Motion for Leave to File Sealed Documents [#91], and A-Tex's Response [#94]; and Premiere's Motion to Amend Judgment [#93], and A-Tex's Response [#96]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

The parties tried this trademark infringement case in this Court from March 10 to March 13, 2014. The jury returned a mixed verdict, finding: (1) A-Tex did not infringe Premiere's federally registered "logo" mark; (2) Premiere's federally registered "word" mark was invalid; (3) A-Tex was liable for falsely designating the origin of its goods; (4) A-Tex was liable for infringing Premiere's Texas state "logo" mark; (5) A-Tex had actual knowledge of Premiere's state "logo" mark, or acted in bad faith; (6) A-Tex did not unfairly compete with Premiere; and (7) Premiere suffered no

damages. This Court entered a take-nothing judgment on March 17, 2014, and awarded costs to A-Tex. The parties have now filed a variety of motions concerning costs, attorney's fees, and injunctive relief.

## Analysis

**I.      Motion to Amend Judgment**

Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend the judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, or inadvertent clerical errors, or to present newly-discovered evidence. *Id.* Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made in light of two "important judicial imperatives": (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts. *Id.*

In its motion, Premiere asks the Court to amend its judgment to include the entry of a permanent injunction against A-Tex. Specifically, Premiere seeks an injunction prohibiting A-Tex from: (1) "displaying the banners at issue in this lawsuit," (2) "displaying . . . material which uses 'Premiere [or Premier] Hot Tub[s],' except for use of '[P]remiere Hot Tub[s]' in connection with a fair use comparison of goods or services," and (3) "using Premiere's trademark given Texas Registration Number 801472423 or any other similar mark in connection with the offering of hot

tubs or spas or related products and services either at Defendant A-Tex's showrooms or via the Internet." Mot. Recon. [#92], at 5.

"The Lanham Act gives to district courts power to issue injunctions, 'according to the principles of equity and upon such terms as the court may deem reasonable to prevent the violation of any right of the registrant of a mark.'" *Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 329 (5th Cir. 2006) (quoting 15 U.S.C. § 1116).[1] To obtain an injunction, a trademark infringement plaintiff must prove: (1) ownership of a protected mark; (2) senior user status of the mark; (3) a likelihood of confusion between the protected mark and the defendant's mark; and (4) it will suffer "irreparable injury for which there is no adequate legal remedy." *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir. 1990). Although many circuits have held "a court may presume irreparable injury upon finding a likelihood of confusion in a trademark case," the Fifth Circuit has not. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008). Additionally, as the Fifth Circuit recently explained in a trademark infringement case:

> It is well-established that the party seeking a permanent injunction must demonstrate: '(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'

*Abraham v. Alpha Chi Omega*, 708 F.3d 614, 626–27 (5th Cir. 2013) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

Having considered these factors, the Court holds Premiere is not entitled to injunctive relief in this case. As an initial matter, the jury verdict returned in this case narrows the scope of any

---

[1] Texas law includes a similar grant of authority. *See* TEX. BUS. & COM. CODE § 16.104(b) (if infringement is found, "the court shall enjoin" the infringing activity).

injunction Premiere may obtain. The second portion of Premiere's requested injunction, concerning use of the phrase "Premiere Hot Tubs," must be denied because the jury found Premiere's word mark lacks secondary meaning and is therefore not entitled to protection. *Union Nat'l Bank*, 909 F.2d at 844. The third portion of Premiere's requested injunction, concerning use of the Texas state logo mark or "similar mark[s]," is also denied. Such an injunction would serve little purpose, as it merely prohibits A-Tex from doing that which is already unlawful. To the extent it goes further by prohibiting the use of "similar mark[s]," it overreaches because similarity (i.e., likelihood of confusion) is the touchstone of trademark infringement litigation, and any future advertisements used by A-Tex which differ from those presented to the jury in this case must undergo a separate likelihood of confusion analysis.

The first portion of Premiere's requested injunction, concerning A-Tex's use of the banners the jury found to infringe Premiere's rights, is also denied. The banners were displayed for a total of thirteen days before they were removed, first in compliance with a temporary restraining order and later in compliance with an agreed temporary injunction. The unchallenged testimony of A-Tex's principal at trial established the sole purpose of the banners was to antagonize Premiere's principal, with whom A-Tex's principal had a longstanding but rancorous relationship. A-Tex's principal also testified he had no desire to reuse the same banners again. There is no evidence to the contrary, and the parties' inexplicable wasting of money in this lawsuit strongly suggests A-Tex understands it will not profit from such an endeavor. Further, there is no indication Premiere was irreparably harmed—indeed, the jury found it suffered no damages—or will be in the future. Because the law already prohibits trademark infringement, the banners were found to infringe, and A-Tex's principal

has received an expensive law school lesson in trademark rights through his participation in this lawsuit, an injunction simply is not necessary.[2]

## II. Motion for Attorney's Fees

"Under our judicial system, the prevailing party normally may not recover attorneys' fees absent statutory authority." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir. 1992). The Lanham Act provides the necessary statutory authority for a discretionary award of reasonable attorney's fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117; *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996).[3] "An exceptional case is one where the violative acts can be characterized as malicious, fraudulent, deliberate, or willful." *Seven-Up*, 86 F.3d at 1390 (internal quotation marks omitted). The prevailing party has the burden to show, by clear and convincing evidence, "'a high degree of culpability on the part of the infringer, for example, bad faith or fraud,' and a few cases have gone so far as to require 'very egregious conduct.'" *Id.* (quoting *Tex. Pig Stands v. Hard Rock Cafe Int'l*, 951 F.2d 684, 696–97 & n.25 (5th Cir. 1992); *Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486, 491 (5th Cir. 1992)). "A district court should decide whether a case is exceptional by examining all the facts and circumstances." *CJC*

---

[2] A-Tex suggests the actions of Premiere's principal in sending prospective employees to A-Tex's store to covertly learn sales techniques or simply distract A-Tex's sales staff, allegedly in violation of an agreed temporary injunction prohibiting the parties from entering each other's stores, precludes Premiere from receiving injunctive relief on the basis of unclean hands. The Court rejects this argument. These actions by Premiere's principal have nothing to do with the parties' trademark rights, which was the sole focus of this lawsuit. *See Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) ("The maxim of unclean hands is not applied where plaintiff's misconduct is not directly related to the merits of the controversy between the parties . . . ."); *see also Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 848 (W.D. Tex. 2001) (unclean hands doctrine "should not be used as a loose cannon, depriving plaintiff of an equitable remedy . . . merely because he is guilty of unrelated misconduct" (internal quotation marks omitted)). Alternatively, A-Tex has not established it was harmed in any real way by this conduct. *Mitchell Bros.*, 604 F.2d at 863 ("The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct.").

[3] Similarly, Texas law provides a court may award reasonable attorney's fees to the prevailing party in a trademark infringement action. TEX. BUS. & COM. CODE § 16.104.

*Holdings*, 979 F.2d at 65. "The determination as to whether a case is exceptional is left to the sound discretion of the trial court." *Seven-Up*, 86 F.3d at 1390.

Premiere requests an award of $108,608.85 in attorney's fees. Premiere contends the evidence presented at trial, as well as the jury's finding of actual knowledge or bad faith, establishes A-Tex acted in intentional disregard of Premiere's trademark rights and therefore justifies an award of fees. A-Tex generally challenges the reasonableness of the requested fees in light of the outcome of the trial. A-Tex also offers various reasons for this Court to "disregard" the portions of the jury's verdict favorable to Premiere.[4]

As an initial matter, Premiere has not prevailed in any meaningful sense. Although the jury found infringement, it awarded no damages, and Premiere has not obtained injunctive relief. But even assuming Premiere did prevail, prevailing is not enough; the case must also be exceptional to justify an award of attorney's fees. The Court finds this case is not exceptional because (1) Premiere has not established, by clear and convincing evidence, A-Tex's conduct was sufficiently egregious; and (2) Premiere failed to prove damages.

Premiere has not carried its heavy burden of proving A-Tex's conduct was sufficiently egregious to make this case exceptional. Although the jury found A-Tex acted either with knowledge of Premiere's logo mark or in bad faith (or both), Premiere concedes, as it must, a jury finding on this issue is not dispositive. *See Tex. Pig Stands*, 951 F.2d at 697 ("A jury finding of willfulness does

---

[4] These last arguments, raised only in A-Tex's Response to Premiere's Motion for Attorney's Fees, hardly warrant addressing. To the extent A-Tex contends the jury instructions were improper, A-Tex's failure to object to the instructions at trial waives any objections after the verdict is rendered. To the extent A-Tex contends the evidence was insufficient to support any of the jury's findings, the Court carried A-Tex's oral Rule 50(a) motions at trial, and A-tex has failed to re-urge those arguments post-verdict and failed to preserve those arguments for appeal. *See Ortiz v. Jordan*, 131 S. Ct. 884, 892 (2011) (failure to raise sufficiency-of-the-evidence challenge in a timely Rule 50(b) motion after trial renders appellate court powerless to review the sufficiency of the evidence).

not bind the trial court in determining whether this case is 'exceptional'; it may, however, serve as a guide."); *see also Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 718–19 (S.D. Tex. 2013) (holding a case was not exceptional despite a jury finding of willful trademark infringement). Additionally, the Fifth Circuit has held "even deliberate copying of a mark does not automatically make a case 'exceptional.'" *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 537 (5th Cir. 2012). The testimony of A-Tex's principal established his intent in designing and placing the infringing banners was to provoke and agitate Premiere's principal. The two men have a long and acrimonious history.[5] Put differently, A-Tex's intent was to inflame its competitor, not confuse the public. *See VIP Foods, Inc. v. Vulcan Pet, Inc.*, 675 F.2d 1106, 1107 (11th Cir. 1982) (cited favorably by *Tex. Pig Stands*, 951 F.2d at 697) (reversing award of attorney's fees under Lanham Act where plaintiff "suffered no ascertainable damage or loss of profits" and "defendant had no intent to deceive or confuse the public"). This is simply not a case involving the kind of egregious conduct typical of "exceptional" cases. *See, e.g., Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127–28 (5th Cir. 1991) (restaurant's deliberate copying of competitor's design aesthetic in an effort to poach sales supported award of attorney's fees).

Premiere's failure to prove or recover damages also weighs heavily against an award of attorney's fees. Whether the plaintiff suffered actual damages, or lost profits as a result of the infringer's conduct, "is an important circumstance to consider" when deciding whether a case is exceptional. *Tex. Pig Stands*, 951 F.2d at 697 n.23; *see also CJC Holdings*, 979 F.2d at 66 (explaining the district court "legitimately could find the case unexceptional, despite deliberate copying," where "CJC did not prove any damages"); *Moore Bus. Forms*, 960 F.2d at 492 (finding

---

[5] In fact, it is that history—more than any other fact—which explains why this case proceeded to trial.

case not exceptional where, among other things, "there [was] no indication that Moore suffered actual economic damages from Ryu's infringing activities"). In this case, the jury found Premiere was not entitled to any damages, and that determination has not been challenged. A-Tex's banners were displayed to the public for a total of thirteen days. The only customer who testified she was confused by the banners ultimately purchased a hot tub from Premiere, not A-Tex. The evidence establishes Premiere suffered no ascertainable damages and lost no profits as a result of A-Tex's conduct, and therefore this case falls short of being exceptional.

This was a lawsuit borne out of a personal conflict between two competitors. Although A-Tex's conduct successfully provoked a response from Premiere, it hurt nothing beyond the owners' egos—and perhaps their pocketbooks, as they insisted on litigating this case through a jury verdict despite the fact the attorney's invoices had likely exceeded the maximum conceivable amount in controversy by the time this case was removed to federal court. This was an unexceptional case, and does not justify a discretionary award of attorney's fees. *See Eastman Chem. Co. v. PlastiPure, Inc.*, No. 1:12-CV-057-SS, Order at 2–9 (W.D. Tex. Oct. 4, 2013) (Sparks, J.) (order denying motion for attorney's fees [#239]) (finding case not exceptional and declining to award attorney's fees where jury found defendants willfully committed false advertising but plaintiff sought, and jury awarded, no damages).

### III.   Costs

Both parties also seek their costs. Premiere seeks $6,583.88 in costs as the prevailing party under 15 U.S.C. § 1117(a). A-Tex seeks costs in the amount of $5,091.97 based on this Court's judgment, which awarded costs to A-Tex. Upon further consideration, the Court finds the parties should bear their own costs. This case was a simple grudge match between two competitors who,

to put it mildly, will not be exchanging Christmas cards. As in any good fistfight, the fighters should tend to their own wounds.

## Conclusion

Premiere is not entitled to injunctive relief. Because this case is not exceptional, Premiere is not entitled to attorney's fees. Finally, the parties should bear their own costs. The Court will enter an amended final judgment reflecting these findings simultaneously with this order.

Accordingly,

IT IS ORDERED that Defendant A-Tex Family Fun Center, Inc.'s Bill of Costs [#89] is DENIED;

IT IS FURTHER ORDERED that Premiere's Motion for Attorney's Fees [#90] is DENIED;

IT IS FURTHER ORDERED that Premiere's Motion for Leave to File Sealed Documents [#91] is GRANTED;

IT IS FINALLY ORDERED that Premiere's Motion to Amend Judgment [#93] is DENIED.

SIGNED this the 25th day of April 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE